UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CEMENT MASONS' LOCAL 780 TRUST
FUND, PENSION FUND, ANNUITY FUND,
VACATION FUND, APPRENTICESHIP FUND,
LABOR MANAGEMENT TRUST FUND and
OTHER FUNDS, and ANGELO SCAGNELLI,

Plaintiffs,

-against-

ATLAS CONCRETE CONSTRUCTION CORP.,

Defendant.
------------------------------------------------------------------X

ORDER

11-CV-4162 (NGG) (RML)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 14 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Cement Masons' Local 780 Trust Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund, Labor Management Trust Fund, and Other Funds (collectively, the "Funds"), and Angelo Scagnelli, as Trustee of the Funds and Financial Secretary of Cement Masons' Local 780 (collectively, "Plaintiffs"), brought this action against Defendant Atlas Concrete Construction Corp. pursuant to §§ 502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and § 301 of the Labor-Management Relations Act of 1947 ("Taft-Hartley Act"), as amended, 29 U.S.C. § 185. (Compl. (Docket Entry # 1).) Defendant failed to file an Answer or otherwise respond to Plaintiffs' suit, despite being served with process. (See Docket Entry # 3.) The Clerk of Court noticed default. (Docket Entry # 5.) Plaintiffs moved for default judgment. (Docket Entry # 7.)

This court referred Plaintiffs' motion for default judgment to Magistrate Judge Robert M. Levy for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order of Nov. 29, 2011.) Judge Levy permitted Defendant to submit

an opposition to Plaintiffs' motion (see Order of Dec. 13, 2011 (Docket Entry # 8)), but Defendant did not do so. On July 23, 2012, Judge Levy issued his Report and Recommendation ("R&R") recommending that Plaintiffs' motion for default judgment be granted and that they be awarded a total of $36,514.60 in damages. (R&R (Docket Entry # 12) at 1, 8.)

No party has objected to Judge Levy's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Accordingly, the court reviews the R&R for clear error. See La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); cf. 28 U.S.C. § 636(b)(1).

The court first considers the recommendation that default judgment be granted against Defendant. Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiffs' allegations as set forth in the Complaint are sufficient to establish that Defendant is liable for violations of ERISA and the Taft-Hartley Act. Thus, the court agrees that default judgment is appropriate.

The court next turns to the R&R's discussion of damages. Finding no error in it, the court adopts this portion of the R&R. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007).

Accordingly, Plaintiffs' motion for default judgment is GRANTED, and Plaintiffs are

awarded $36,514.60 in damages against Defendant.

    SO ORDERED.

                                                                              s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                   NICHOLAS G. GARAUFIS
       August 13, 2012                                        United States District Judge